FRANCISCO SANTOS, querellante y recurrido, *v.* PARTIDO POPULAR DEMOCRÁTICO, querellado y recurrente.

*Número:* O-80-275     *Resuelto:* 15 de mayo de 1980

*Guillermo Mojica Maldonado,* abogado del recurrente; *Víctor M. Negrón Padilla,* abogado del recurrido.

SENTENCIA

Examinada la solicitud, y considerando que la Junta Revisora perdió jurisdicción para adjudicar este caso habiendo emitido decisión el 9 mayo, 1980 posterior a la fecha límite de 31 de marzo, término improrrogable ordenado en el Art. 4.009(a) de la Ley Electoral que es la Núm. 4 de 20 de diciembre de 1977, Leyes de ese año, pág. 639, se revoca la decisión de la Junta Revisora Electoral de 9 de mayo, 1980; se prohíbe al Administrador General de Elecciones de Puerto Rico certificar la candidatura de Francisco Santos para Alcalde de Aibonito en la elección primaria de 25 de mayo corriente, y de haberse expedido, se anula dicha certificación, y se prohíbe tanto al Administrador General como a la

Comisión Estatal de Elecciones permitir la participación del recurrido Francisco Santos en dicha elección primaria.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau no intervinieron. El Juez Asociado Señor Negrón García emitió un voto disidente.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Negrón García.

San Juan, Puerto Rico, a 15 de mayo de 1980

Denegaríamos el auto. Estimamos correcta la actuación de la Junta Revisora Electoral, reconociendo al recurrido Francisco Santos el derecho a pugnar en primarias su candidatura a Alcalde en el Municipio de Aibonito frente al otro aspirante Benigno Capó López.

El recurrente Partido Popular Democrático cuestiona dicho dictamen bajo la tesis central de que las irregularidades habidas en el proceso primarista interno no son de tal naturaleza que ameriten su nulidad, y que la Junta erró al aceptar que Santos radicara su candidatura fuera del término previsto en la ley y reglamento. Ninguno de estos señalamientos procede.

I

Primeramente, para atender y modificar el resultado de la Junta Revisora, este Tribunal tendría que dejar sin efecto las determinaciones de hechos encontradas probadas por dicho foro, aun cuando el Art. 1.024 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977, prescribe que tales determinaciones de hechos "serán finales". No creemos que en el caso de autos exista una apreciación equivocada de la realidad fáctica que nos permita alterarlas como "cuestión de derecho" y sustituirlas a base de

que no están sostenidas por evidencia sustancial. *López* v. *Junta de Planificación*, 80 D.P.R. 646, 672 (1958). Nos explicamos.

De los apéndices que acompaña el recurrente P.P.D. con su petición, surge indubitadamente que Santos perdió frente al otro aspirante por sólo sesenta y un (61) votos; que sus representantes en los colegios firmaron las hojas de cotejo sin señalar ninguna irregularidad; que no obstante, se cometieron las siguientes: (a) en los colegios todo el proceso se realizó sin casetas de votación; (b) las urnas consistían de cajas de cartón; (c) tales cajas-urnas, en algunos colegios,. estaban abiertas; (d) los funcionarios de los colegios no estaban adecuadamente instruidos ni informados; (e) las personas acudían a los colegios, firmaban una hoja de registro y luego votaban sin que *existiera un mecanismo* para verificar si cualificaban como electores; (f) no habían listas electorales; (g) votaron nueve (9) menores de edad y dos (2) residentes de otro pueblo; (h) se incurrió en el doble voto; e (i) votaron ilegalmente treinta y cinco (35) afiliados del Partido Nuevo Progresista.

Somos del criterio de que la validez de unas primarias internas acordadas por unos candidatos como medio de dilucidar tales candidaturas tienen que celebrarse con arreglo a las garantías básicas estatuidas en la Ley Electoral. Ello no significa que haya que seguir y observar todos los requisitos de ley, sino aquellos esenciales que garantizan pureza del resultado. La prueba desfilada, según reseñada, evidencia que las irregularidades cometidas fueron de tal naturaleza y magnitud, que tomadas en conjunto afectaron decisivamente la integridad del procedimiento. [1] La presunción de regularidad quedó ampliamente destruida en el caso de epígrafe. En primarias internas no puede sostenerse como proposición para convalidar situaciones como la presente, el "que en los

---

[1] La medida (*test*) consagrada *in fine* en el Art. 6.014 de la Ley, en el sentido de que una impugnación sólo prosperará si se demuestra que las irregularidades son de "tal naturaleza, que de probarse, bastarían para cambiar el resultado de la elección", recoge un enfoque cuantitativo y *cualitativo.*

colegios en que votaron afiliados al Partido Nuevo Progresista resultó vencedor el querellante". Ello atenta contra la integridad orgánica de los partidos políticos, la moral de sus afiliados *bona fide* y la utilidad democrática de estos eventos. Por esta razón rechazamos cualquier discusión erigida en una inferencia de que tales votos le favorecieron.

## II

Tampoco tiene razón el recurrente en su planteamiento respecto a que la Junta aceptó *tardíamente* la candidatura del recurrido Santos. Ciertamente, la Ley Electoral y el reglamento del P.P.D. ([2]) prescribe que todo candidato a primarias debe radicar las peticiones de endoso requeridas en o antes del "mediodía del 31 de marzo" del año eleccionario. Sin embargo, veamos si en este caso se cumplió con el espíritu de la ley. La primaria interna se celebró el 2 de diciembre de 1979. Santos las impugnó ante la Comisión de Querellas Sobre Calificación de Candidatos del P.P.D. Ésta celebró vistas públicas los días 20 y 28 de febrero y 4 de marzo de 1980, y en 7 de marzo emitió Resolución. El 18 de marzo Santos apeló ante la Junta de Gobierno de dicho Partido, la cual en 26 de marzo de 1980 proveyó no ha lugar al recurso. En 27 de marzo de 1980 radica escrito ante la Junta Revisora Electoral la cual celebró vistas los días 7, 9 y 17 de abril y emitió el 9 de mayo de 1980 su fallo. Santos radicó sus peticiones de endoso el 12 de mayo de 1980.

Ante el imperativo circunstancial presente en el caso de autos, y mientras estuvo pendiente de adjudicación esta controversia ante el foro primario, el término señalado en la ley debe considerarse como susceptible de ser ampliado como parte del fiel cumplimiento y mandato en ejecución del dictamen de la Junta Revisora Electoral. *Cf. P.N.P.* v. *Tribunal Electoral*, 105 D.P.R. 288 (1976).

---

([2]) Art. 4.009 de la Ley y la Regla 9(f) del Reglamento Para las Primarias de 1980.

802

Por estimar que la Resolución de la Junta representa una apreciación fáctica correcta, es razonable y se ajusta a derecho, nos abstendríamos de revocarla.